# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

PAUL RODRIGUEZ,

      Plaintiff,

v.                               Case No: 2:20-cv-926-SPC-NPM

PAGE MECHANICAL GROUP
INC,

      Defendant.
_____/

## **<u>ORDER</u>**[1]

     Before the Court are the parties' responses (Docs. 22; 23) to the Court's Order to Show Cause (Doc. 20). Defendant Page Mechanical Group Inc. removed based on a federal question—violation of the Family and Medical Leave Act ("FMLA"). After, Plaintiff Paul Rodriguez amended, dropping the federal claim and leaving three state-law claims. (Doc. 16). With the jurisdiction-triggering claim gone, the Court ordered the parties to show cause why it should not decline supplemental jurisdiction and remand. Page Mechanical argues the Court should retain jurisdiction; Rodriguez says it shouldn't. The Court agrees with Rodriguez.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Amendments and other post-removal actions do not divest federal courts of their subject-matter jurisdiction. *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002). Yet when (as here) all federal claims in a removed case are dismissed pretrial, a district court may remand. 28 U.S.C. § 1367(c); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). The Eleventh Circuit "strongly encourages" district courts to decline supplemental jurisdiction, particularly when the federal claims are dismissed early. *See Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999). Typically, courts also consider "concerns of comity, judicial economy, convenience, fairness, and the like." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1123 (11th Cir. 2005).

After review of the docket and applicable law, the Court employs its discretion and declines to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). If the Court must consider the so-called *Gibbs* factors, they do not weigh in Page Mechanical's favor. *See Sutherland v. Global Equip. Co.*, 789 F. App'x 156, 162 (11th Cir. 2019) (holding a district court need not consider those factors when discharging under § 1367(c)(3)).

First, judicial economy weighs against exercising supplemental jurisdiction. Judicial economy is "served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002).

Second, convenience points to retaining jurisdiction.  Like the Eleventh noted, "as far as the parties are concerned, it would be most convenient to try every claim in a single forum." *Ameritox, Ltd. v. Millennium Laboratories, Inc.*, 803 F.3d 518, 539 (11th Cir. 2015).

Third, fairness considerations do not favor jurisdiction here.  Each "litigant who brings supplemental claims in [federal] court knowingly risks the dismissal of those claims." *Id.*  On the flip side, every removing defendant risks remand when federal claims get dismissed.  Page Mechanical contends the Court should not remand because the parties have conducted some discovery, which follows different rules than state-court discovery.  This falls flat.  Any discovery obtained here can be used across the street in state court. *E.g.*, *Miller v. City of Fort Myers*, 424 F. Supp. 3d 1136, 1152 (M.D. Fla. 2020).  What's more, this case has only been in federal court for a few months and declining supplemental jurisdiction poses no statute of limitations issues.  28 U.S.C. § 1367(d); *see also Jinks v. Richland Cnty. S.C.*, 538 U.S. 456, 463-64 (2003).

And fourth, comity cuts against exercising supplemental jurisdiction.  "It is a bedrock principle that 'needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.'" *Ameritox*, 803 F.3d at 539 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).

To be clear, Page Mechanical does not contend Rodriguez's amendment was a manipulative attempt to secure remand. *See Cohill*, 484 U.S. at 357. Nor does it appear such efforts occurred. Rodriguez simply amended the pleadings because he learned through discovery the FMLA claim was unviable.

At bottom, the above weighs against exercising supplemental jurisdiction. So the Court declines it and remands. *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001).

Accordingly, it is now **ORDERED:**

(1) The Court **DECLINES** to exercise supplemental jurisdiction and **REMANDS** to state court.

(2) The Clerk is **DIRECTED** to **REMAND** this case to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of that Court.

(3) The Clerk is **DIRECTED** to terminate any pending motions or deadlines and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 10, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record